UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
WILMARIS JORDAN, et al.,

                          Plaintiffs,

        -against-

UNITED CEREBRAL PALSY OF
NEW YORK, INC.,

                          Defendant.
-------------------------------------------------------------x

**MEMORANDUM
AND ORDER**

**12-CV-5715 (DLI)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Currently pending before this Court is a letter-motion filed by defendant United Cerebral Palsy of New York, Inc. ("defendant") for an order directing plaintiffs Wilmaris Jordan and Marina Portnoy (collectively "plaintiffs") to produce their retainer agreements with their attorney in this action and to respond to questions put to them in deposition regarding their counsel's fees and costs. See Letter Motion for Discovery (Dec. 23, 2013) ("Def. Motion"), Electronic Case Filing Docket Entry ("DE") #30. Defendant argues that, contrary to the objections lodged on plaintiffs' behalf, "retainer agreements and fee arrangements 'do not fall within the attorney-client privilege . . . .'" Id. at 3 (quoting Vingelli v. United States, 992 F.2d 449, 452 (2d Cir. 1993), and collecting cases)). In their opposition to defendant's motion to compel, plaintiffs abandon their invocation of attorney-client privilege and for the first time contend that until plaintiffs prevail and move for fees, "such a disclosure is not relevant and it is not calculated to lead to any admissible evidence." Response in Opposition (Jan. 5, 2014) at 1, DE #35.

Plaintiffs' relevance challenge is predicated almost exclusively on out-of-district --

indeed, mostly out-of-circuit -- district court rulings. See id. at 1-3. In the one Eastern District of New York decision cited by plaintiffs, the Court, after conducting an *in camera* inspection, directed the plaintiffs therein to produce the demanded contemporaneous attorney billing records (subject to redaction of any privileged information). See Quintanilla v. Suffolk Paving Corp., 09-CV-5331, 2012 U.S. Dist. LEXIS 176513, at *4-5 (E.D.N.Y. Dec. 12, 2012). Although it is arguable that, in the instant action, plaintiffs failed to preserve their relevance objection, this Court, out of an abundance of caution, will follow the lead of the Quintanilla Court and have the demanded information produced, as an initial matter, for *in camera* inspection.

Accordingly, plaintiffs are directed to produce for *in camera* inspection, via ECF, by close of business on January 8, 2014, plaintiffs' retainer agreements with their counsel, along with billing records, including contemporaneous time-sheets.

      **SO ORDERED.**

**Dated:**        **Brooklyn, New York**
                 **January 6, 2014**

                                         /s/ *Roanne L. Mann*
                                         **ROANNE L. MANN**
                                         **UNITED STATES MAGISTRATE JUDGE**