UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
**WILMARIS JORDAN, et al.,**

                              **Plaintiffs,**

              -against-

**UNITED CEREBRAL PALSY OF
NEW YORK, INC.,**

                              **Defendant.**
-----------------------------------------------------------x

**MEMORANDUM
AND ORDER**

**12-CV-5715 (DLI)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court is a letter-motion filed by defendant United Cerebral Palsy of New York, Inc. ("defendant") for an order directing plaintiffs Wilmaris Jordan and Marina Portnoy (collectively, "plaintiffs") to produce their retainer agreements with their attorney and to respond to questions put to them in deposition regarding their counsel's fees and costs in this case. See Letter Motion for Discovery (Dec. 23, 2013), Electronic Case Filing Docket Entry ("DE") #30. In response, plaintiffs have abandoned their previous invocation of attorney-client privilege and for the first time argue that unless and until plaintiffs prevail and move for fees, "such a disclosure is not relevant and it is not calculated to lead to any admissible evidence." Response in Opposition (Jan. 5, 2014) at 1, DE #35.

      On January 6, 2014, this Court, citing Quintanilla v. Suffolk Paving Corp., 09-CV-5331, 2012 U.S. Dist. LEXIS 176513, at *4-5 (E.D.N.Y. Dec. 12, 2012), directed plaintiffs to produce their retainer agreements with counsel, along with counsel's contemporaneous timesheets, for *in camera* inspection, see Memorandum and Order (Jan. 6, 2014) at 2, DE #36, and

plaintiffs' complied.  See Sealed Letter (Jan. 8, 2014), DE #39.  The Court then heard oral argument on the motion at a settlement conference held on January 9, 2014, and took the matter under advisement.  See Minute Entry (Jan. 9, 2014) ("1/9/14 Minute Entry"), DE #40.  Unfortunately, the case has not settled.  See Order (Jan. 13, 2014), DE #41.

The Court denies defendants' motion to compel without prejudice.  At oral argument, defense counsel conceded that the demanded information will not be necessary for the defense of the case unless and until defendant is found liable on any of plaintiffs' claims.  This litigation is currently far removed from the calculation-of-fees stage; indeed, defendant has expressed its desire to move for summary judgment, and this Court has set a January 24th deadline for requesting a premotion conference.  See 1/9/14 Minute Entry.  As defendant has preserved its demand for fee information, plaintiffs will be required to make such disclosures in the event defendant is ultimately found liable.[1]

**SO ORDERED.**

**Dated:**      **Brooklyn, New York**
               **January 14, 2014**

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] For settlement purposes, the Court did disclose to defendant, with plaintiffs' consent, that plaintiffs have a contingency-fee arrangement with their attorney.