UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
WILMARIS JORDAN, et al.,

                    **Plaintiffs,**

             **-against-**

UNITED CEREBRAL PALSY OF
NEW YORK, INC.,

                    **Defendant.**
-------------------------------------------------------------x

**MEMORANDUM
AND ORDER**

**12-CV-5715 (DLI)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Currently pending before this Court is a letter-motion filed by defendant United

Cerebral Palsy of New York, Inc. ("defendant") for an order directing plaintiffs Wilmaris

Jordan and Marina Portnoy (collectively, "plaintiffs") to produce their retainer agreements

with their attorney and to respond to questions put to them in deposition regarding their

counsel's fees and costs in this case. See Letter Motion for Discovery (Dec. 23, 2013),

Electronic Case Filing Docket Entry ("DE") #30. In response, plaintiffs have abandoned their

previous invocation of attorney-client privilege and for the first time argue that unless and until

plaintiffs prevail and move for fees, "such a disclosure is not relevant and it is not calculated to

lead to any admissible evidence." Response in Opposition (Jan. 5, 2014) at 1, DE #35.

On January 6, 2014, this Court, citing Quintanilla v. Suffolk Paving Corp., 09-CV-

5331, 2012 U.S. Dist. LEXIS 176513, at *4-5 (E.D.N.Y. Dec. 12, 2012), directed plaintiffs

to produce their retainer agreements with counsel, along with counsel's contemporaneous time-

sheets, for *in camera* inspection, see Memorandum and Order (Jan. 6, 2014) at 2, DE #36, and

plaintiffs' complied.  See Sealed Letter (Jan. 8, 2014), DE #39.  The Court then heard oral

argument on the motion at a settlement conference held on January 9, 2014, and took the

matter under advisement.  See Minute Entry (Jan. 9, 2014) ("1/9/14 Minute Entry"), DE #40.

Unfortunately, the case has not settled.  See Order (Jan. 13, 2014), DE #41.

The Court denies defendants' motion to compel without prejudice.  At oral argument,

defense counsel conceded that the demanded information will not be necessary for the defense

of the case unless and until defendant is found liable on any of plaintiffs' claims.  This

litigation is currently far removed from the calculation-of-fees stage; indeed, defendant has

expressed its desire to move for summary judgment, and this Court has set a January 24th

deadline for requesting a premotion conference.  See 1/9/14 Minute Entry.  As defendant has

preserved its demand for fee information, plaintiffs will be required to make such disclosures

in the event defendant is ultimately found liable.[1]

**SO ORDERED.**

**Dated:**      **Brooklyn, New York**
         **January 14, 2014**


                              /s/ *Roanne L. Mann*
                              **ROANNE L. MANN**
                              **UNITED STATES MAGISTRATE JUDGE**

---

[1]  For settlement purposes, the Court did disclose to defendant, with plaintiffs' consent, that plaintiffs have a contingency-fee arrangement with their attorney.